ARZUAGA, DEMANDANTE Y APELANTE, *v.* ROE ET AL., COMO HEREDEROS DESCONOCIDOS DE IGNACIO ARZUAGA, DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre declaración de hija natural reconocida.

MOCIÓN de la parte apelada para corregir los autos y para desestimar la apelación.

No. 1119.—Resuelto en abril 23, 1914.

CORRECCIÓN DEL RÉCORD—NOTIFICACIÓN DE LA SENTENCIA.—Cuando, como en el presente caso, no existe pliego de excepciones ni relación de hechos y la parte

apelada solicita la corrección del récord acompañando copia certificada de la notificación del pronunciamiento de la sentencia apelada hecha por el secretario de la corte inferior al abogado de la parte perjudicada, procede conceder dicha moción.

Desestimación de Apelación—Término para Apelar—Archivo de la Notificación de la Sentencia.—De acuerdo con la sección 2 de la Ley No. 70 de 1911, el término para apelar de una sentencia empieza a contarse desde que se archiva en la corte inferior la notificación que de la sentencia dictada ha de enviar el secretario a la parte perjudicada.

Id.—Apelación Fuera de Término—Notificación de la Sentencia Apelada.— Cuando de la transcripción de autos resulta que la parte apelante fué notificada del pronunciamiento de la sentencia el día 27 de diciembre de 1913 y que dicha notificación fué archivada en la corte inferior el mismo día y el escrito de apelación no fué archivado hasta el 2 de febrero siguiente, procede la desestimación de la apelación por haber sido ésta interpuesta fuera de término, y el hecho de que la parte apelante hiciera constar en el escrito de apelación que no fué notificada de la sentencia hasta el 4 de enero de 1914 no puede desvirtuar por sí solo lo que resulta de los autos.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Savage & Francis.*

Abogado de los apelados Nicasio, José Pío, Pedro, Bernardino y María Salomé Arzuaga, como herederos de Ignacio Arzuaga: *Sr. Eduardo Acuña.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Elevada la transcripción de los autos en este caso y radicada en la Secretaría de este Tribunal Supremo, compareció la parte apelada y presentó dos mociones, una sobre corrección de los autos y otra sobre desestimación de la apelación. Ambas mociones tienen fecha 15 de abril de 1914, se notificaron a los abogados de la parte apelante y se vieron en corte abierta el 20 de abril de 1914, con la sola asistencia del abogado de la parte apelada.

Por la moción sobre corrección de autos se pide que se adicione la transcripción del récord con una certificación expedida por el secretario de la corte sentenciadora, relativa al hecho del archivo por parte de dicho funcionario de la notificación de la sentencia apelada a la parte perjudicada.

La transcripción elevada por la parte apelante se compone de las alegaciones y la sentencia. Esta se dictó sobre aqué-

llas y no existe pliego de excepciones ni relación de hechos
en cuya aprobación haya intervenido el juez sentenciador.
La transcripción está certificada por el secretario. Siendo
esto así, dada la naturaleza del documento que se interesa
agregar y no habiendo hecho objeción alguna la parte ape-
lante, opinamos que debe declararse con lugar la moción de
la apelada y entenderse desde luego corregido el récord.

Partiendo de las constancias del récord corregido, exa-
minaremos la moción sobre la desestimación del recurso.

Alega la parte apelada que la sentencia que ha sido recu-
rrida en este caso se dictó y registró en 26 de diciembre de
1913, y se notificó a la parte perjudicada el 27 de diciembre
de 1913, archivándose en los autos del pleito el mismo día
27 de diciembre la notificación. Y alega, además, que habién-
dose archivado el escrito de apelación el 2 de febrero de 1914,
el recurso se interpuso fuera del término fijado por la ley, y
debe, en tal virtud, desestimarse.

En el escrito de apelación consignó la parte apelante que
la sentencia se dictó el 27 de diciembre de 1913 y le fué noti-
ficada el 4 de enero de 1914. Tales hechos no están soste-
nidos por las constancias auténticas y fehacientes, *prima
facie,* del récord, que demuestran que la sentencia se dictó
y registró el 26 de diciembre de 1913 y que la notificación
se dirigió al abogado de la parte perjudicada, residente en
San Juan, el 27 de diciembre de 1913. Además también de-
muestra el récord que la notificación de la sentencia se archivó
por el secretario el dicho día 27 de diciembre de 1913, y la
fecha del archivo de la notificación es la que la ley fija como
punto de partida para contar el término que concede para
interponer el recurso de apelación.

La sección 2 de la Ley No. 70, de 1911, dice así:

"Sección 2.—En todos los casos en que se pueda establecer el
recurso de apelación, según lo provisto en la sección 295 del Código
de Enjuiciamiento Civil, según fué enmendada en marzo 11, 1908,
será deber del secretario de la corte enviar a la parte perjudicada,
o a su abogado, al dictarse la sentencia, de la cual pueda establecerse

el recurso de apelación, una notificación escrita informándole que la sentencia ha sido dictada, o de la resolución de la corte, y una copia de esa notificación será archivada con los autos, y el término para establecer el recurso de apelación, empezará a correr desde la fecha del archivo de dicha notificación con los autos.''

En tal virtud, habiendo transcurrido entre el 27 de diciembre de 1913, fecha del archivo de la notificación de la sentencia, y el 2 de febrero de 1914, fecha del archivo del escrito de apelación, más de un mes que es el término fijado por la ley, artículo 295 del Código de Enjuiciamiento Civil, para apelar de un sentencia dictada, como en este caso, por una corte de distrito, para ante este Tribunal Supremo, debemos concluir que el recurso se interpuso fuera de término, como sostiene la parte apelada.

Y habiendo en consideración todo lo expuesto, procede que se declaren con lugar ambas mociones, corrigiéndose el récord en la forma solicitada en la primera y desestimándose finalmente la apelación tal como se pide en la última.

> *Concedida la corrección de los autos y desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.